UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON N.,<br><br>       Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, et al.,<br><br>       Defendants. | Case No. 24-cv-04296-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 17, 18 |

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings.  Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

## I.     BACKGROUND

Plaintiff filed for Title XVI benefits on June 25, 2020.  (Administrative Record ("AR") 298.)  The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration.  (AR 135, 136.)  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); hearings were held on February 24, 2022 and September 8, 2023.  (AR 52, 1496.)

Following the hearing, the ALJ denied Plaintiff's application on December 8, 2023.  (AR 33-51.)  A request for review of the ALJ's decision was filed on February 6, 2024.  (AR 293-94.) The Appeals Council denied Plaintiff's request for review on May 24, 2024.  (AR 1.)

On July 17, 2024, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  Plaintiff filed the motion for summary judgment on

December 31, 2024.  (Pl.'s Mot., Dkt. No. 17.)  Defendant filed an opposition and cross-motion for summary judgment on February 14, 2025.  (Def.'s Opp'n, Dkt. No. 18.)  Plaintiff did not file a reply.  (*See* Dkt. No. 19.)

## II.    LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.*  If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b).  At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721.  If the answer is no, the claimant is not disabled. *Id.*  If the answer is yes, the Commissioner proceeds to step three and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d).  If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis,

despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f).  RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

### III.    DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ's failure to consider Plaintiff's English capabilities, (2) the ALJ's alleged reliance on interrogatories to the Vocational Expert ("VE"), and (3) the ALJ's RFC being unsupported by substantial evidence.

### A.    English Capabilities

Plaintiff asserts that the ALJ erred because the ALJ did not specifically consider whether he had difficulties with English when finding that Plaintiff could perform the occupations of kitchen helper, laundry worker, and janitor.  (Pl.'s Mot. at 6.)

Defendant points out -- and Plaintiff does not dispute -- that in 2020, the relevant regulations were amended "to remove the category of 'inability to communicate in English' as a factor in evaluating education."  (Def.'s Opp'n at 2.)  "In promulgating this amendment, the Administration explained that changes in the national economy indicate employment rates for people with limited English proficiency have increased since 1980, suggesting that English proficiency is no longer a useful category describing a claimant's 'educational attainment or of the vocational impact of an individual's education for the purposes of our programs[.]'" *Ricarte B. v. Kijakazi*, No. 2:22-cv-05976-JDE, 2023 U.S. Dist. LEXIS 153824, at *10 (C.D. Cal. Aug. 30, 2023); *see* 85 Fed. Reg. 10,586, 10,601 (Feb. 25, 2020).  This amended regulation applies to applications filed on or after the regulation's April 27, 2020 effective date, as well as to claims that were pending on and after the effective date.  *Id.* at *11.  As Plaintiff's application was filed on April 29, 2020 and the ALJ's ruling was issued on December 8, 2023, the amended regulation

applies to this case.

Plaintiff cites no authority that the ALJ was required to address his English proficiency limitations under the amended regulations. *But see Mora v. Comm'r of Soc. Sec.*, No. 1:22-cv-00074-TLN-CDB (SS), 2025 U.S. Dist. LEXIS 112215, at *30 (E.D. Cal. June 12, 2025) ("Under the current regulations and guidance, Plaintiff's inability to communicate in ***English*** was irrelevant to the disability determination.  Rather, an individual is considered illiterate only if the evidence supports a finding that the individual is unable to read or write a simple message in *any* language."); *Vang v. Comm'r of Soc. Sec.*, No. 1:21-cv-00488-SAB, 2022 U.S. Dist. LEXIS 227735, at *13 (E.D. Cal. Dec. 16, 2022) ("Plaintiff has cited no authority requiring an ALJ to address English proficiency limitations in an RFC assessment or a VE hypothetical under the current regulatory scheme."); *Juan R. v. Kijakazi*, No. 2:20-cv-11257-GJS, 2022 U.S. Dist. LEXIS 135440, at *12 (C.D. Cal. July 29, 2022) (same); *Ricarte B.*, 2023 U.S. Dist. LEXIS 153824, at *11 (same).  Here, the ALJ found that Plaintiff had at least a high school education,[1] and considered that education in determining Plaintiff's RFC and the jobs he could perform.  Thus, the Court finds no error.

### B.    "Interrogatories"

Plaintiff argues that in the ALJ's ruling, the ALJ stated that interrogatories were submitted to the VE regarding whether jobs existed that Plaintiff could perform based on the RFC found by the ALJ.  (Pl.'s Mot. at 8; AR 49.)  Plaintiff, however, observes that interrogatories matching the RFC found by the ALJ were never issued.  (*Id.*)  Thus, Plaintiff contends that it is unknown from where the ALJ identified the jobs of kitchen helper, laundry worker, and janitor as jobs that Plaintiff could perform based on the RFC found by the ALJ. (*Id.*)

Defendant responds that the ALJ's statement regarding interrogatories is a typographical error that does not undermine the ALJ's decision.  (Def.'s Opp'n at 6.)  The Court agrees.  As Plaintiff himself acknowledges, the ALJ posed a hypothetical to the VE at the September 2023

---

[1] Plaintiff complains that the ALJ did not consider whether Plaintiff's high school education wa achieved in Vietnam or the United States, despite acknowledging that Plaintiff had not lived outside of the United States since 1990 (when Plaintiff was 11 years old).  (Pl.'s Mot. at 7.)

United States District Court
Northern District of California

hearing that was based on "the same [RFC] as the one identified by the ALJ." (Pl.'s Mot. at 10.) In response, the VE identified the precise jobs of kitchen helper, laundry worker, and janitor. (*Id.*) It is clear that the ALJ identified the jobs of kitchen helper, laundry worker, and janitor from the VE's testimony, which in turn was based on the RFC found by the ALJ. Thus, the ALJ's statement regarding interrogatories is harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("An [ALJ's] error is harmless where it is inconsequential to the ultimate nondisability determination."); *Lewis v. Berryhill*, 722 Fed. Appx. 660, 661 (9th Cir. 2018) ("The ALJ's typographical error, omitting the word 'no' from 'requiring [no] public contact,' is harmless.").

### C.    Substantial Evidence

Finally, Plaintiff argues that the ALJ erred because the RFC is not supported by substantial evidence. (Pl.'s Mot. at 11.) Plaintiff's argument is peculiar in that Plaintiff does not substantively challenge how the ALJ weighed the evidence, including the various doctor's opinions or Plaintiff's testimony. Rather, Plaintiff appears to ultimately be arguing that the ALJ's ultimate RFC did not exactly match with any of the doctor's opinions, such that the ALJ must have relied on raw medical data. (*Id.* at 13-15.)

Plaintiff cites no authority in support of this proposition. Rather, courts have found that "[t]he RFC need not exactly match the opinion findings of any particular medical source." *M.M. v. O'Malley*, No. 24-cv-03766-SVK, 2025 U.S. Dist. LEXIS 90266, at *21 (N.D. Cal. May 12, 2025); *see also Madison L. v. Kijakazi*, No. 20-cv-06417-TSH, 2021 U.S. Dist. LEXIS 165188, at *1 (N.D. Cal. Aug. 31, 2021) ("Neither the regulations nor the Ninth Circuit require an RFC finding to match a medical opinion."). Indeed, in *Farlow v. Kijakazi*, the Ninth Circuit found no error where the ALJ rejected the opinion of a non-examining physician, which was also the only functional assessment in the record. 53 F.4th 485, 487, 488 (9th Cir. 2022). The Ninth Circuit found that the ALJ was warranted in rejecting the opinion, and that the ALJ's RFC finding was supported by substantial evidence despite the lack of a corroborating opinion. *Id.* at 488-89. In so finding, the Ninth Circuit noted that ALJs "are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Id.* at 488.

United States District Court
Northern District of California

United States District Court
Northern District of California

Here, the ALJ ultimately found that Plaintiff had the RFC of performing medium work, except that he could lift and carry 50 pounds occasionally and 25 pounds frequently. (AR 39.) The ALJ also found that Plaintiff could understand, remember, and carry out simple, routine tasks that could be learned in 30 days or less, and that he could not perform hourly production work or tolerate any more than occasional public contact. (AR 39.) In so finding, the ALJ did not even reject all of the medical opinions, as occurred in *Farlow*. Rather, the ALJ found that certain opinions were at least somewhat persuasive. For example, the ALJ found that the opinions of Kelly O'Neill, PhD and Ana Olivarea, PsyD that Plaintiff would be able to perform simple, routine work in a well-spaced work setting and interact with the public in "brief, casual encounters" were somewhat persuasive only because "some of the phraseology is not in Agency terminology ('well-spaced,' 'brief,' and 'casual')." (AR 47-48.) Thus, the ALJ accepted their finding that Plaintiff was limited to simple, routine work (noting that it was also consistent with Plaintiff's activities of daily living), but also added a limitation of no production quotas. (AR 48.) As to Plaintiff's ability to perform medium work, the ALJ explained why he rejected medical opinions that found greater limitations. (AR 44-48; *see De Fletes v. Colvin*, No. C12-00661 HRL, 2013 U.S. Dist. LEXIS 48628, at *6 (N.D. Cal. Mar. 31, 2013) (rejecting the plaintiff's argument that the ALJ's RFC was unsupported by substantial evidence where no medical opinion opined that the plaintiff was capable of medium exertion because "[a] matching medical source opinion of a claimant's RFC is not a requisite for an ALJ's RFC finding").) In short, this is not a case where the ALJ simply considered the raw data. Rather, the ALJ explained how he considered the medical opinions in addition to Plaintiff's testimony.

In the final paragraph of Plaintiff's argument, Plaintiff asserts that the ALJ erred in analyzing the medical opinions. (Pl.'s Mot. at 15-16.) In support, Plaintiff simply states the general standard for supportability and consistency, but identifies no specific medical opinion, let alone explains how the ALJ erred in considering that medical opinion. This general statement of law is wholly insufficient to identify an error.

Accordingly, the Court finds no error.

6

United States District Court
Northern District of California

## IV.    CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

IT IS SO ORDERED.

Dated: January 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge